MANDATE

*The case is remanded to the immigration judge under the further proceedings specified on pp.___ of the s stipulation which has been adopted by the Court of Appeals*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

- - - - - - - - - - - - - - - - - - -

RENE SOSA,

    Petitioner-Appellant,

    - v. -

IMMIGRATION AND NATURALIZATION
SERVICE,

    Respondent-Appellee.

- - - - - - - - - - - - - - - - - - -x

MAY 1 3 2005

No. 05-2184-pr

STIPU          AND
ORDER
AND DISMISSAL

FILED
IN CLERK'S OFFICE
DISTRICT COURT, E.D.N.Y.
☆ MAY 1 9 2005 ☆
5/25/05 BROOKLYN OFFICE

WHEREAS, Petitioner-Appellant Rene Sosa ("Sosa") has appealed from the memorandum and order of the district court, dated March 12, 2003, denying his petition for a writ of habeas corpus which challenged the lawfulness of an immigration judge's August 12, 1997, removal order ("1997 removal order");

WHEREAS, subsequent to the district court's decision, this Court in United States v. Sosa, 387 F.3d 131, 139 (2d Cir. 2004), vacated Sosa's conviction for being present in the United States after having been deported pursuant to the 1997 removal order following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2), and remanded the case to the district court to determine whether the immigration judge's failure to inform Sosa of his right to seek relief under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1994) ("§ 212(c) relief") prejudiced him;

WHEREAS, on remand, the district court granted the

#12

Issued as Mandate:
MAY 1 3 2005

Government's motion to dismiss the indictment;

WHEREAS, Sosa is currently in the custody of the United States Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), and a new administrative determination will be made regarding Sosa's eligibility for § 212(c) relief; and

WHEREAS, the parties are desirous of resolving this appeal without further litigation;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

(1) The memorandum and order of the district court, dated March 12, 2003, is hereby vacated, and this case is remanded to the district court with instructions to remand this case to the immigration judge with the following instructions:

(a) The 1997 removal order is vacated, and the 1997 removal proceedings are reopened;

(b) The immigration judge shall make a new determination regarding Sosa's eligibility for § 212(c) relief;

(c) The immigration judge shall not, in contravention of the holding in INS v. St. Cyr, 533 U.S. 289 (2001), apply the amendments made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546 (Sept. 30, 1996), and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L.

No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), to deprive Sosa of the opportunity to apply for § 212(c) relief solely on the basis of his 1992 conviction for attempted criminal sale of a controlled substance;

(d) Upon reopening of the 1997 removal proceedings, the immigration judge shall terminate the 2005 removal proceedings, which were initiated by a Notice to Appear (Form I-962), dated January 19, 2005; and

(e) The immigration judge shall, to the extent that it affects the determination of whether Sosa is eligible to apply for § 212(c) relief, apply the law of this Court to his case.

(2) Nothing in this Order shall be interpreted as limiting the authority of ICE to charge Sosa with removability based in whole or in part on criminal convictions which took place subsequent to the 1997 removal order;

(3) Nothing in this Order shall be interpreted as otherwise limiting the authority of the immigration judge to grant or deny Sosa's application for § 212(c) relief;

(4) Sosa's removal from the United States shall be stayed until the 1997 removal proceedings have been reopened administratively;

(5) ICE shall not seek to remove Sosa from the United States through reinstatement of the 1997 removal order pursuant to INA

§ 241(a)(5), 8 U.S.C. § 1231(a)(5), and this statutory provision shall not form the basis for the immigration judge's determination regarding Sosa's eligibility for § 212(c) relief;

(6) In the event that, after remand of this case, a final administrative determination is made that Sosa is ineligible for § 212(c) relief, and Sosa seeks to challenge such final administrative determination in the United States District Court for the Eastern District of New York through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Government agrees not to challenge venue, but reserves its right to assert any available jurisdictional defenses;

(7) There are no remaining issues in dispute with regard to this appeal; and

(8) The above-captioned appeal is dismissed pursuant to Fed. R. App. P. 42(b). The parties are to bear their own costs and

fees, including attorney's fees and disbursements.


Dated: New York, New York           Brooklyn, New York

_____May 5_____, 2005       _____May 6_____, 2005

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
Attorney for Respondent-Appellee
One Pierrepont Plaza, 14TH Floor
Brooklyn, New York 11201

_____   By: _____
JAIMIE LEESER, ESQ.           MARGARET M. KOLBE
Attorney for Petitioner      Assistant U.S. Attorney
 -Appellant              (718) 254-6039
Wilmer Cutler Pickering
  Hale and Dorr, LLP
399 Park Ave.
New York, NY 10022
(212) 295-6268



SO ORDERED:


FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk
by _____
Arthur M. Heller, Motions Staff Attorney

A TRUE COPY
ROSEANN B. MacKECHNIE, CLERK